UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                             Criminal Case No. 11-20704

D-1 Gerald Bass,                     Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT BASS'S MOTION FOR NEW TRIAL**

In this action, Defendant Gerald Bass ("Bass"), along with several Co-Defendants, was charged with committing identity theft and other financial crimes. Following a jury trial that this Court presided over, Defendant Bass was found guilty as to all counts. Before being sentenced by this Court, however, Bass filed a Motion for New Trial. That motion is based on the recantation of a Government Witness, one of Bass's Co-Defendants who testified against him at trial. The motion has been briefed by the parties and the Court held an evidentiary hearing. For the reasons set forth below, the Court shall DENY Defendant Bass's Motion for New Trial and shall proceed to sentencing on March 19, 2014 at 3:00 p.m.

**BACKGROUND**

In this action, Bass, along with several Co-Defendants, including Defendant Isaiah Price ("Price"), was charged with committing identity theft and other financial crimes.

Price entered into a Rule 11 Plea Agreement (Docket Entry No. 50), under which he

1

pleaded guilty to Count 1 of the Indictment, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Price's Rule 11 Plea Agreement included an agreement that Price would assist the United States in its investigation and that Price would provide truthful testimony at trial. (*Id*. at 5-6). Price was ultimately sentenced by this Court to a term of imprisonment of 21 months. Price, however, is not currently serving the sentence imposed by this Court. Price is currently incarcerated, serving a state-court sentence for criminal sexual conduct of twenty-five (25) to forty (40) years.

Bass proceeded to trial and he was the only Defendant who did so. Following a jury trial, that this Court presided over, Bass was found guilty as to each of four counts: 1) Count One: Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; 2) Count Two: Access Device Fraud, Aiding and Abetting, in violation of 18 U.S.C. §§ 1029(a)(2)and 2; 3) Count Three: Theft of Identity, Aiding and Abetting, in violation of 18 U.S.C. §§ 1028(a)(7) and 2; and 4) Count Four: Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A.

Bass has not yet been sentenced by this Court. Bass was scheduled to be sentenced on March 1, 2013, but on January 28, 2013, Bass filed the instant Motion for New Trial.

**Bass's Motion For New Trial**

Bass's "Motion for New Trial, Based Upon Newly Discovered Evidence, Recantation Of Trial Testimony And Request For An Evidentiary Hearing" (Docket Entry No. 133) notes that Price testified at Bass's trial. The motion asserts that Price "testified to multiple issues including identifying the voice of [Bass] on multiple audio recordings" and that Bass's "conviction was secured with the assistance and testimony of Defendant Price." (*Id*. at 2).

The motion references a letter dated October 4, 2012, that Price wrote, directed to the

Court, stating that he "lied about a lot of crucial facts that would have made a big difference in front of the jury" and that he feels bad "about sending an innocent man to jail." (Ex. 1). In that letter, Price asks this Court to "please have leniency on [Bass] at sentencing." (*Id.*).

The motion also references, and attaches, an undated, handwritten affidavit from Price that purports[1] to have been notarized. Bass's motion states that "Price, apparently while incarcerated at Milan Correctional Institution prepared an Affidavit, had it notarized and forwarded it to counsel herein." (Def.'s Motion at ¶ 14). That Affidavit states that: 1) some signatures Price testified to on August 2, 2012, are his and that Bass "never wrote nothing or signed for nothing" (Price Affidavit at ¶ 1); 2) the Rodney Northington I.D. did not come from Bass (*Id.* at ¶ 2); 3) the voice played at trial was Rahim Berry but Price lied and said it was Bass (*Id.* at ¶ 9); and 4) the only time Bass received money or clothing was for driving Price around while Price committed fraud by himself (*Id.* at ¶ 10).

Bass asked this Court to grant him a new trial, after holding an evidentiary hearing, based on Price recanting those portions of his trial testimony.

**The Government's Opposition To The Motion**

The Government opposed Bass's motion, asserting that the fact that Price "has recanted some – but certainly not all – of his trial testimony is effectively removing a bucket of sand from a beach." (Govt's Br. at 2). The Government contends that Bass cannot meet his burden to meet the test established by *Gordon v. United States*, 178 F.2d 896 (6th Cir. 1949) for determining whether a motion for a new trial should be granted. (*Id.* at 2). The Government asked the Court

---

[1] Oddly, however, the notary public that purportedly notarized this undated document did not include the date on which he or she notarized this document – which is required in Michigan.

to deny the motion without holding an evidentiary hearing.

### Out Of An Abundance Of Caution, This Court Held An Evidentiary Hearing

A district court has discretion when determining whether to hold an evidentiary hearing before deciding a motion for new trial. *United States v. Lowe*, 1997 WL 160340 at *6 (6th Cir. 1997). A hearing is "more appropriate" when the verdict already is one of "questionable validity" and a hearing is "less necessary" when "the district court already has observed and assessed a recanting witness during the trial." *Id*.

Here, the verdict was not already one of questionable validity, this Court had already observed and assessed Price during the trial, and in Price's affidavit and letters supporting Bass's motion for new trial Price recanted only a limited portion of his trial testimony. Nevertheless, out of an abundance of caution, this Court held an evidentiary hearing.

This Court held the evidentiary hearing, and heard oral argument from counsel, on Friday, August 14, 2013.[2] At that hearing, Counsel for Bass had the following three exhibits admitted: 1) the letter dated October 4, 2012 that Price wrote to this Court (Def.'s Ex. 1); 2) the undated Affidavit of Price (Def.'s Ex. 2); and 3) a Letter to Bass's former counsel from Price (Def.'s Ex. 3). Defendant Price was the only witness who testified at the August 14, 2013 hearing.

During the evidentiary hearing, Price testified that the statements he made in the October 4, 2012 letter to the Court, the undated affidavit he signed, and the letter to Mr. Chambers,

---

[2]The Court also allowed the parties to file supplemental briefs after the hearing and that briefing concluded in October of 2013.

accurately state the matters that he had not been truthful about at trial.

After doing so, however, Price then changed his position and essentially recanted all of his trial testimony. Price's testimony at the evidentiary hearing included that: 1) Bass did not create the fraudulent scheme that was the basis of this action; 2) that Price was actually the "mastermind" of the fraudulent scheme; and 3) that Bass was a "small player" and only drove the others and received some stolen merchandise. The Court finds that testimony to be pure fiction.

Indeed, the Court finds that the *vast majority* of Price's testimony at the evidentiary hearing was *not credible*. The Court also concludes that the *vast majority of Price's trial testimony was truthful.*

The limited portion of the evidentiary hearing testimony that was credible is the portion wherein Price stated that he gave false trial testimony when he testified that: 1) he had not previously been involved in credit card fraud in 2007; and 2) certain signatures on receipts were those of Bass, when video evidence indicated that they were Price's signatures.

As to the rest of Price's testimony at the evidentiary hearing, the Court finds it *not credible.*

## ANALYSIS

In *Willis*, the Sixth Circuit confirmed that the proper legal standard to be applied to a motion for new trial based on the recantation of a witness is the test set forth in *Gordon v. United States*, 178 F.2d 896 (6th Cir. 1949). *United States v. Willis*, 257 F.3d 636, 643-44 (6th Cir. 2001). Under that test, a motion for new trial based on recantation of a material government witness should only be granted if: 1) the court is reasonably well satisfied that the trial testimony

5

given by the material witness is false; 2) without the false testimony, the jury might have reached a different conclusion; and 3) the party seeking the new trial was taken by surprise when the false testimony was given, and was unable to meet it or did not know of its falsity until after the trial. *Id.*

This test provides for two different kinds of "checks" to prevent witness tampering in situations where the defendant may have reached the witness after trial and convinced him to recant his damaging testimony. *Id.* at 645. "The first check is the 'primary' element of the *Gordon* test: that the district court be reasonable well satisfied that the original trial testimony given by the now-recanting government witness was false." *Id.*

The second intended "check on coerced recantations is the threat of perjury charges being brought against the recanting witness." *Id.* That is because in such cases, "the recanting witness, by admitting under oath that the testimony he gave at trial was not true, clearly opens himself up to perjury charges being brought by the government." *Id*.

In the case of Price, however, the threat of perjury charges is greatly diminished because Price is currently serving a term of imprisonment of twenty-five (25) to forty (40) years on a state-court conviction before he begins serving the 21-month sentence imposed by this Court.

"The first requirement of the *Gordon* test is that the district court must be reasonably well satisfied that the original trial testimony given by the government witness is false." *Willis,* 257 F.3d at 646. This court, "by presiding over the trial at the which the recanting government witness first testified, is 'uniquely qualified' to address the defendant's motion for new trial based on the witness's posttrial recantation." *Id*. If the Court finds that it is not so satisfied, the inquiry ends there and the Court must deny the motion for new trial.

After having presided over the original trial and assessing Price's credibility, this Court concludes that while Price did give some *very limited* untruthful testimony at trial, the vast majority of Price's trial testimony was truthful. In other words, the Court finds that the vast majority of Price's post-trial recantation is false.

The very limited portion of the evidentiary hearing testimony that was credible is the portion wherein Price stated that he gave false trial testimony when he testified that: 1) he had not previously been involved in credit card fraud in March of 2007; 2) a select few signatures on receipts were those of Bass, when video evidence indicated that they were Price's signatures. That very limited portion of Price's recantation that is accepted by this Court does not require a new trial. The vast majority of Price's trial testimony was truthful, and the limited portion of Price's recantation that is accepted by the Court would not alter the verdict. This is especially so given that Counsel for Bass very effectively cross-examined Price regarding these very issues at trial and that there was overwhelming evidence of Bass's guilt presented at trial, through numerous other witnesses, audio and video tapes, and other evidence.

Although the Court is not required to reach the second or third requirements, given its finding as to the first requirement of the *Gordon* test, this Court also concludes that the third requirement is also not met here. Under the third requirement of the *Gordon* test, Bass must establish that he was taken by surprise when the false testimony was given at trial, and was unable to meet it or did not know of its falsity until after the trial. *Willis*, 257 F.3d at 648. Here, Bass was provided reports of interviews given by Price prior to trial, and Price's trial testimony was consistent with those interviews. Moreover, even if Bass had been surprised by the limited untruthful testimony that Price gave at trial (which he should not have been), his attorney was

7

able to meet it and effectively cross-examined Price regarding those very issues.

"The granting of a defendant's motion for a new trial is a substantial remedy that must be exercised with caution." *Willis*, 257 F.3d at 649. That remedy is not warranted here.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Gerald Bass's Motion for New Trial is DENIED.

IT IS FURTHER ORDERED that Sentence will be imposed on **March 19, 2014 at 3:00 p.m.**

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 10, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager