UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                            Criminal Case No. 11-20704
                                                         Civil Case No. 16-13559

Gerald Bass,

                                                         Sean F. Cox
    Defendant/Petitioner.                   United States District Court Judge

_____/

## OPINION & ORDER DENYING
## § 2255 MOTION FOLLOWING EVIDENTIARY HEARING
## AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

In Criminal Case Number 11-20704, Defendant Gerald Bass was convicted of identity theft and other financial crimes, following a jury trial. His conviction was affirmed on direct appeal. Thereafter, he filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, wherein he asserted multiple claims. This Court found all of the claims without merit, denied the motion, and declined to issue a certificate of appealability. Bass then sought to appeal this Court's § 2255 rulings. The United States Court of Appeals for the Sixth Circuit granted Bass a certificate of appealability as to just one issue – whether his counsel Anthony "Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding to trial." (*See* 9/21/17 Order). The Sixth Circuit remanded as to that sole issue, with instructions for this Court to hold an evidentiary hearing before ruling on that claim. Following remand, this Court appointed Counsel for Bass, for purposes of the remaining issue in Bass's § 2255 motion. The evidentiary hearing was held on November 30, 2018, and was continued on December 6, 2018. As explained below, the Court concludes that Bass has failed to prove deficient representation by Chambers as to the final claim in his § 2255 motion.

**BACKGROUND**

Bass, along with several Co-Defendants, was charged with committing identity theft and other financial crimes.

Bass was originally represented by attorney Rita Chastang, and then attorney Edward Wishnow. At Bass's request, Mr. Wishnow filed a motion to withdraw because Bass desired a new attorney. This Court granted that motion and a new attorney, Anthony Chambers, was appointed to represent Bass.

During pretrial proceedings, Mr. Chambers filed a Motion to Suppress, which this Court granted to the extent that the Court suppressed certain evidence found during the execution of a search warrant on Ilene Street in Detroit, Michigan on November 2, 2011. (*See* ECF No. 79).

The Court set Bass's plea cutoff date (i.e., the last date that this Court would consider a plea under a Rule 11 Plea Agreement) for June 25, 2012.

**Bass's Rejection Of Plea Offer On June 25, 2012**

This Court held the Final Pretrial / Plea Cutoff Conference as to Bass on June 25, 2012. (*See* ECF No. 190, 6/25/12 Tr.). At that time, the Government noted on the record the offer that it had made to Bass, and Bass rejected that offer:

> THE COURT: This is the final pretrial, plea cut-off date. Has the government made an offer?
>
> MS. OBERG: We did make an offer, Your Honor.
>
> We offered Mr. Bass the opportunity to plead to Count One, the conspiracy count. And the guidelines, because his criminal history is a category six, the guidelines were, with acceptance of responsibility, 84 to 105 months, and 24-month additional sentence consecutive to that, because of the aggravated felony.
>
> So it was Count One and Count Five; aggravated identity theft and

conspiracy to commit wire fraud.

>THE COURT: Mr. Chambers, did you get that offer and were you able to discuss it with your client?
>
>MR. CHAMBERS: Yes, I have, Your Honor.
>
>THE COURT: And what is your client's position?
>
>MR. CHAMBERS: Sir, are you interested in the Rule 11 Plea Agreement?
>
>DEFENDANT BASS: No, not at this time.
>
>THE COURT: Well, this is the time.
>
>DEFENDANT BASS: No.
>
>THE COURT: Is that a no?
>
>DEFENDANT BASS: No.
>
>THE COURT: Okay. And does he understand the consequences if the government – if the government prevails at trial?
>
>MR. CHAMBERS: Yes. Mr. Bass and I have had discussions with regard to the government's offer. And discussions with regard to trial strategy and other things.
>And I believe that he understands and is interested in proceeding to trial.
>
>THE COURT: Okay. But he understands the consequences of it, --
>
>MR. CHAMBERS: He does.
>
>THE COURT: – should he be found guilty at trial. He understands the consequences?
>
>MR. CHAMBERS: He does.
>
>THE COURT: Okay. Very good.

(*Id*.).

**Bass Proceeded To A Jury Trial, Was Convicted On All Counts, And Received The Statutory Maximum Sentence**

After rejecting the Government's plea offer, Bass proceeded to a jury trial. Mr. Chambers represented Bass at trial. The jury ultimately found Bass guilty as to each of the four counts.

Prior to sentencing, Bass's counsel filed a Motion for New Trial, based on the recantation of one of the Government's trial witnesses, Price. After an evidentiary hearing, the Court denied that motion in an Opinion & Order.

On May 10, 2013, this Court appointed a new attorney, Sanford Plotkin, to represent Bass because Mr. Chambers had been suspended from practicing law. That suspension stemmed from matters unrelated to Bass.

At sentencing, this Court granted the Government's request to vary upward from the advisory Guidelines range and imposed the statutory maximum sentence of 264 months.

**Bass's Direct Appeal**

Bass filed a direct appeal and was represented by Mr. Plotkin on appeal. In his direct appeal, Bass raised the following issues: 1) whether the district court erred when it denied Bass's motion to suppress evidence recovered from his cellphone; 2) whether the district court abused its discretion by denying Bass's motion seeking a new trial based on the recanted testimony of Price; and 3) whether the district court abused its discretion by imposing a statutory maximum sentence. The United States Court of Appeals for the Sixth Circuit rejected all of those arguments and affirmed in a published opinion. *United States v. Bass*, 785 F.3d 1043 (6th Cir. Apr. 15, 2015).

**This Court Denied Bass's *Pro Se* § 2255 Motion**

On October 4, 2016, Bass filed a *pro se* Motion under 28 U.S.C. § 2255. In it, Bass

asserted multiple claims, including several different ineffective-assistance-of-counsel claims, asserted against both his trial and appellate counsel. In an Opinion & Order issued on February 24, 2017, this Court found all of Bass's claims without merit, denied Bass's § 2255 Motion in its entirety, and declined to issue a certificate of appealability. (ECF No. 195). That Opinion & Order included the following ruling:

> II. Counsel's Alleged Failure To Negotiate A Plea That Did Not Provide For An Enhancement Under 18 U.S.C. § 3147.
>
> Next, Bass asserts that this trial counsel was ineffective during plea negotiations because he did not challenge the 18 U.S.C. § 3147 enhancement during the plea negotiation process. Bass argues that his trial counsel was ineffective because he should have tried to "negotiate a plea, free from error" (i.e., a plea agreement that did not include an enhancement under § 3147).
> But as the Government notes in its response, and as the transcript of the June 25, 2012 Final Pretrial / Plea Cutoff Conference reflects, the plea offer made to and rejected by Bass on the date of the plea cutoff did not include an additional, consecutive sentence under the 18 U.S.C. § 3147 enhancement. Thus, Bass was offered (but rejected) precisely that which he claims effective counsel should have tried to negotiate – a Rule 11 plea agreement that did not include an enhancement under § 3147. Accordingly, Bass cannot establish deficient performance during the plea negotiations.

(*Id*. at 12-13).

**The Sixth Circuit Granted Bass A Certificate Of Appealability As To Just One Claim**

Bass sought to appeal this Court's rulings on his § 2255 motion. The Sixth Circuit granted Bass a certificate of appealability as to *just one issue* – whether "Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding to trial." (*See* 9/21/17 Order). As to that issue, the court stated:

> Bass also argued that Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding

5

> to trial. The district court did not directly address this claim. Because the record before this court is inconclusive as to the nature and quality of the advice Bass received before he rejected the plea offer extended at his plea cut-off hearing, reasonable jurists could debate whether Bass was entitled to relief on this claim. For the same reason, reasonable jurists could debate the district court's denial of Bass's motion for an evidentiary hearing.

(*Id*. at 4). As such, the Court had Bass and the Government brief that issue and whether Bass should have received an evidentiary hearing as to that sole claim.

Notably, in that same order the Sixth Circuit found that reasonable jurists could not disagree with this Court *as to all of the other issues Bass had raised* in his § 2255 Motion. Thus, the Sixth Circuit did not grant a certificate of appealability as to any of Bass's other issues and affirmed this Court's rejection of all of those claims – including this Court's rejection of Bass's claim that his counsel was ineffective for not negotiating a plea agreement that did not include an enhancement under § 3147:

> In Ground 1(b), Bass argued that Chambers was ineffective for failing to negotiate a plea agreement that did not include an enhancement under 18 U.S.C. § 3147, which requires a sentence to be enhanced when a crime of conviction was committed while on pretrial release from another federal charge. However, the plea offer extended to and rejected by Bass at his plea cut-ff hearing did not include an enhancement under § 3147. Reasonable jurists could not disagree with the district court's conclusion that Bass was not entitled to relief on this claim because "Bass was offered (but rejected) precisely that which he claims effective counsel should have tried to negotiate."

(*Id*. at 3).

**The Sixth Circuit Later Ruled That Bass Is Entitled To An Evidentiary Hearing On The Sole Certified Claim**

Later, in an unpublished Rule 34 order issued on April 13, 2018, the Sixth Circuit ruled that this Court should have granted Bass an evidentiary hearing on his sole claim that "Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing

6

exposure and the risks of proceeding to trial." (4/13/18 Order at 6). In pertinent part, it stated:

> Bass seeks an evidentiary hearing on his claim that Chambers provided ineffective assistance in the plea bargaining context . . .
> "The failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.'" *Smith,* 348 F.3d at 553 (quoting *Moss v. United States*, 3232 F.3d 445, 474 (6th Cir. 2003)). "[I]n such cases, the prejudice prong is satisfied if there is a 'reasonable probability' that the defendant would have accepted the Government's plea offer, but-for counsel's ineffective assistance or in adequate advice.*" Sawaf v. United Stated*, 570 F. App'x 544, 547 (6th Cir. 2014) (quoting *Lafler v. Cooper,* 566 U.S. 156, 164 (2012)). "[I]f the difference between the length of the sentence proposed in the Government's plea offer and the sentence imposed after a trial conviction was substantial," then prejudice is presumed. *Id.* (citing *United States v. Morris*, 470 F.3d 596, 602 (6th Cir. 2006); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003).
> In his form § 2255 motion, Bass claimed that Chambers "failed to provide adequate advice about the true nature of [Bass's] sentencing exposure, the consequences of trial and non[-]acceptance of plea." In a supporting memorandum, Bass alleged that he rejected the government's plea offer based on the following statements by Chambers: "Even if we lose, they still have to follow the guidelines except you will not get the 3 points for acceptance of responsibility"; "[t]hey will have a very hard time proving intent without the profiles that were suppressed"; and "its [sic] no way they can give you 20 years. The judge is just saying that." In an affidavit appended to his § 2255, Bass similarly averred that Chambers "informed [Bass] that he 'viewed the evidence' and he could 'win this case at trial"; and "once we win at trial, you will not have to worry about enhancements because the indictment will be over.' He also stated that, 'without the medical profiles, they have a hard time proving intent."
> The district court construed Bass's petition as arguing that Chambers "guaranteed: him that he would win at trial, and found that Chambers' alleged '[e]ven if we lose" statement was sufficient to defeat this claim. But Bass more broadly claimed that Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding to trial. The record before us is inconclusive as to the nature and quality of the advice that Bass received before his plea cut-off date. Because Bass's allegations of deficiency (i.e., failure to adequately advise) and prejudice (i.e., resulting rejection of the plea offer) are not 'contradicted by the record, inherently incredible, or conclusions rather than statements of fact,' he is entitled to further factual development on his certified ineffective-assistance claim."

(*Id*. at 5).

**The Evidentiary Hearing**

7

After the mandate issued, this Court appointed counsel for Bass, who is now represented by attorney Martin Beres. This Court held a status conference on August 15, 2018, to discuss and schedule the evidentiary hearing. On that same date, the Court ordered that the parties were to file witness lists, exhibit lists, and hearing briefs by November 12, 2018, and set the evidentiary hearing for November 30, 2018, at 9:30 a.m.

This Court held the evidentiary hearing beginning on November 30, 2018, and it was continued on December 6, 2018. Two witnesses testified at the evidentiary hearing: 1) Bass; and 2) Anthony Chambers.[1]

This Court found Anthony Chambers to be a *highly credible* witness. Bass, on the other hand, was *not a credible witness*.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having heard and observed the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the exhibits submitted by the parties, having reviewed all matters of record for this case, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Prior to this action, Bass had been charged and prosecuted in several previous criminal actions in federal court.

Cynthia Oberg was the federal prosecutor who was in charge of this case from its

---

[1] As noted on the record during the November 30th hearing, Bass waived the attorney client privilege, so that Chambers was free to discuss conversations he had with Bass during his representation.

8

inception through the plea cutoff date. Oberg was also the prosecutor in another federal criminal case against Bass, wherein Bass had pleaded guilty, prior to this action.

Chambers began representing Bass in this case during the pretrial phase of the case. Chambers was the third attorney that had been appointed to represent Bass, as Bass had not been satisfied with the representation provided to him by his first two appointed attorneys in this case.

Bass was very happy when he learned that Chambers was appointed to represent him in this action because Bass was familiar with Chambers's reputation as an outstanding criminal defense attorney in the Metropolitan Detroit area. At that time, Chambers had been practicing criminal defense for approximately twenty-five years and had tried hundreds of criminal cases.

Bass did not ask Chambers to look into the viability of the § 3147 enhancement against him, nor did Bass express any concerns to Chambers about it.

From the outset of his representation by Chambers, Bass told to Chambers that he was not interested in entering into a plea agreement in this case. Bass was adamant about that and Chambers believed that Bass had a personal issue with Oberg, stemming from Bass's prior case that she had prosecuted.

Nevertheless, as is his standard practice, Chambers sought to obtain a plea offer from the Government in this case, so that Bass would have all options available to him.

Chambers filed a motion seeking to suppress evidence in this case, which was granted in part. This Court's ruling on that motion resulted in certain evidence that had been seized being suppressed, including some victim profiles.

After the motion-to-suppress ruling, Chambers began having discussions with Oberg about a potential plea agreement. He had several conversations with Oberg, both over the phone

9

and in person. Bass was aware that Chambers was having those discussions with Oberg.

The only official offer that Oberg made during the course of the discussions was a Rule 11 Plea Agreement that was offered in writing on or about June 4, 2012. A copy of that proposed Rule 11 Plea Agreement was admitted as Exhibit A at the hearing. The plea offer extended to Bass did not include an enhancement under § 3147.

Chambers met with Bass on multiple occasions to discuss the case prior to the plea cutoff.

Chambers spoke with Bass on at least two occasions after the plea was formally offered and before it was rejected by Bass. Chambers also gave Bass a copy of the written proposed plea agreement. Chambers went through the document with Bass, paragraph-by-paragraph, explaining the meaning of each and every provision to Bass, including issues regarding the sentencing guidelines. Chambers accurately advised Bass of the statutory maximum sentence for each of the charges. Chambers explained to Bass that the proposed plea agreement did not include an enhancement under § 3147.

Chambers reviewed with Bass the various charges against him and the essential elements required for a conviction on those charges.

Chambers has never guaranteed a criminal defendant that he could prevail at trial and he did not make any such promise to Bass in connection with this case.

Chambers discussed the relative strengths and weaknesses of the Government's case with Bass. In discussing the potential of going to trial, Chambers advised Bass that the trial would be difficult because Bass's Co-Defendants were cooperating with the Government and would testify against Bass at trial. Chambers thoroughly reviewed the discovery in the case, including the

video evidence, with Bass.

Chambers advised Bass that if he went to trial and lost he would not get a three point reduction for acceptance of responsibility, as he would if he accepted the plea agreement. Chambers advised Bass that if he proceeded to trial and lost, he would face more prison time than he would under the plea agreement.

Bass was not interested in the plea offer extended by the Government. Bass ultimately decided to reject it and proceed to a jury trial.

## ANALYSIS & CONCLUSIONS OF LAW

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "This does not simply guarantee the mere existence of legal counsel but provides 'the right to *effective* counsel – which imposes a baseline requirement of competence." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006) (emphasis added). "The Supreme Court has extended this right to critical pre-trial proceedings, including plea negotiations." *Logan v. United States*, 910 F.3d 864, 868 (6th Cir. 2018) (citations omitted). "The failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.'" *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003).

"But proving ineffective assistance of counsel 'is *never* an easy task.'" *Carter v. Parris*, 910 F.3d 835, 838 (6th Cir. 2018) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). To show that he was denied his right to effective assistance, Bass must demonstrate two things: 1) that his counsel's performance was deficient; *and* 2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A party asserting an ineffective

11

assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

In his § 2255 motion, Bass claimed that his trial and appellate counsel provided ineffective assistance of counsel to him in several respects. The Sixth Circuit vacated this Court's "judgment denying relief on Bass's claim that Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding to trial." (4/13/18 Order at 6). As both parties acknowledged at the evidentiary hearing, that is the only claim that now remains in Bass's § 2255 motion.

In his § 2255 motion, Bass claimed that Chambers failed to provide adequate advice about the true nature of his sentencing exposure and the consequences of rejecting the plea offered and proceeding to trial.

Bass asserts that he rejected the Government's plea offer because "Chambers guaranteed [him] that he could win [his] case at trial" and made the following alleged statements to Bass: 1) "Even if we lose, they still have to follow the guidelines except you will not get the 3 points for acceptance of responsibility"; 2) "[t]hey will have a very hard time proving intent without the profiles that were suppressed"; 3) "its [sic] no way they can give you 20 years. The Judge is just saying that." (ECF No. 185 at PageID 2330).

Bass further claimed that Chambers: 1) advised him, as to certain video evidence, that Bass was "only merely present and that is not a crime"; 2) informed Bass that "he viewed the evidence' and he could 'win this case at trial'"; and 3) stated that "without the medical profiles, they [will] have a hard time proving intent." (ECF No. 185 at PageID 2363-64).

Following the evidentiary hearing, however, this Court finds that Chambers did not make

12

*any* of those alleged statements.

Moreover, this Court finds, based upon the evidence presented at the evidentiary hearing, that Chambers provided adequate advice about Bass's sentencing exposure and the consequences of rejecting the plea offer and proceeding to trial.

It is well established that the decision whether "to plead guilty – first, last, and always – rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). That is because "[a]lthough the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequences of a conviction." *Id.*.

Nevertheless, "the attorney has a clear obligation to fully inform [his or] her client of the available options" and "the failure to convey a plea offer constitutes ineffective assistance." *Id.* In addition, a "criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.* at 553.

The Court finds that Bass's counsel met this burden here. Chambers conveyed the plea offer to Bass. Chambers gave Bass a copy of the written plea offer and then reviewed it with Bass, going paragraph-by-paragraph and explaining the meaning and impact of each provision in it, including the provisions and issues relating to the sentencing guidelines. Chambers advised Bass that the plea offer did not include an enhancement under § 3147.

Chambers accurately advised Bass of the statutory maximum sentences for the charges, and advised Bass that he would not receive a three point reduction for acceptance of responsibility if he went to trial. Chambers cautioned Bass, as he does all criminal defendants, that if he proceeded to trial and lost that he would face a higher sentence because the guidelines in the offer would not apply and the Government would do everything it can do to increase his sentence.

Chambers reviewed the multiple charges against Bass, and the essential elements required for a conviction on those charges. Chambers discussed the strengths and weaknesses of the Government's case with Bass. Chambers explained that trial would be difficult because Bass's Co-Defendants were cooperating with the Government and would testify against Bass at trial. Chambers thoroughly reviewed the discovery in the case including the video evidence, with Bass.

Accordingly, the Court concludes that Bass has failed to prove deficient representation by Chambers as to the final claim in his § 2255 motion.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner such as Bass may appeal a district court's denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find this Court's assessment of Bass's remaining claim debatable or wrong. As such, this Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, IT IS ORDERED that the remaining ineffective-assistance-of-counsel claim in Bass's § 225 motion is DENIED. Additionally, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 15, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2019, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager