**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 11-20704

Gerald Bass,                          Sean F. Cox
                                                       United States District Court Judge

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Gerald Bass ("Bass") was convicted of identity theft and other financial crimes and he is currently serving his prison sentence. The matter is before the Court on Bass's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Bass convicted of identity theft and other financial crimes, following a jury trial. This Court sentenced Bass to be imprisoned for a total term of: 240 months on Count 1; 120 months on Count 2; 180 months on Count 3; and 24 months on Count 4, with Counts 1, 2 and 3 to be served concurrent with another and with Count 4 to be served consecutive to Counts 1, 2, and 3. (*See* 4/2/14 Judgment).

Bass's convictions and sentence were affirmed on direct appeal.

Bass later filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, wherein he asserted multiple claims. This Court found all of the claims without merit, denied the motion, and

declined to issue a certificate of appealability. Bass then sought to appeal this Court's § 2255 rulings. The United States Court of Appeals for the Sixth Circuit granted Bass a certificate of appealability as to just one issue – whether his counsel Anthony "Chambers was ineffective for failing to advise him during the plea bargaining process of his sentencing exposure and the risks of proceeding to trial." (*See* 9/21/17 Order). The Sixth Circuit remanded as to that sole issue, with instructions for this Court to hold an evidentiary hearing before ruling on that claim.

Upon remand, this Court appointed Counsel for Bass, for purposes of the remaining issue in Bass's § 2255 motion. Afer an evidentiary hearing, this Court ruled that Bass failed to prove deficient representation by Chambers as to the final claim in his § 2255 motion. This Court denied Bass's § 2255 motion and declined to issue a certificate of appealability. (*See* 1/15/19 Opinion & Order).

Bass filed a Notice of Appeal, seeking to appeal that ruling, along with an application seeking a certificate of appealability. In an Order issued on June 10, 2019, the Sixth Circuit denied Bass's application for a certificate of appealability.

On July 14, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 233).

Defendant is currently housed at FCI Gilmer and has served less than half of his sentence. Defendant filed his Motion for Compassionate Release asserting that his health is generally declining as he ages and asserts that his medical conditions include obesity, hypertension and diabetes. While Bass does not make specific arguments about the ongoing COVID-19 pandemic, the Court notes that unvaccinated persons with such conditions may be susceptible to severe illness if they were to contract the virus. Bass's motion makes ineffective-

assistance of counsel arguments and also argues that sentencing disparities warrant a reduction of his sentence. Bass also asserts that he has participated in several programs while incarcerated.

The Government opposes Defendant's motion on the merits, noting that Defendant has now been fully vaccinated against COIVD-19. The Government argues that some arguments made by Bass are simply not cognizable in a motion for compassionate release. The Government also argues that Bass has not sufficiently exhausted his administrative remedies, although Bass's warden denied a request for compassionate release made by Bass.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion,

4

district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

### A. COVID-19 Pandemic

To the extent that Bass suggests that the ongoing COVID-19 pandemic, combined with his health conditions, constitutes extraordinary and compelling circumstances, the Court rejects that argument.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Moreover, Bass has now been fully vaccinated against COVID-19. In light of this, this Court does not believe that Bass has established extraordinary and compelling circumstances.

### B. Ineffective-Assistance-Of Counsel And Sentencing Disparity Arguments

Bass's motion seeking compassionate release makes ineffective-assistance-of-counsel arguments and also argues that sentencing disparities warrant a reduction in his sentence. As the Government's response notes, these are not proper grounds for compassionate release. That is

because "a compassionate release motion is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion.'" *United States v. Mattice*, 2020 WL 7587155 at *2 (6th Cir. 2020) (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019)).

Moreover, this Court already denied a § 2255 Motion filed by Bass and he has not obtained authorization from the Sixth Circuit to file a second or successive § 2255 Motion. As such, the Court shall not address these arguments because they are not properly before this Court.

      **C.**      **Consideration Of § 3553 Factors**

In addition, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was convicted of identity theft and related crimes. These are troubling offenses that cause serious and long-standing harm to the victims.

Bass has served than half of his sentence. His long remaining sentence weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

This Court does not believe that releasing Bass early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of

Defendant. In sum, this Court finds that Defendant Bass is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 8, 2021