UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 11-cr-20704

v.

                                              Hon. Sean F. Cox

D-1    GERALD BASS,                    United States District Court Judge

    Defendant.
_____/

**ORDER
DENYING DEFENDANT'S MOTION TO MODIFY
RESTITUTION PAYMENT SCHEDULE (ECF No. 263)**

The defendant in this criminal case, Gerald Bass, moves the Court to modify his restitution payment schedule. But the Court lacks jurisdiction over Bass's request.

The Court sentenced Bass to twenty-two years of incarceration in this case, and he is serving that sentence in a North Carolina prison. The Court also ordered Bass to pay over $150,000 in restitution and participate in the Inmate Financial Responsibility Program ("IFRP").

"The IFRP is a work program instituted by the Bureau of Prisons to encourage 'each sentenced inmate to meet his or her legitimate financial obligations.' The program allows for the development of a financial plan that allows inmates to pay enumerated obligations, such as restitution payments, while incarcerated." *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001) (quoting *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 548 (9th Cir. 1999) (per curiam)); *see also* 28 C.F.R. §§ 545.10, 545.11 (2024) (describing the IFRP)).

Bass now moves the Court under 18 U.S.C. § 3664(k) to modify his restitution payment schedule. That statute permits courts to "adjust [a restitution] payment schedule . . . as the interests of justice require" on motion of a defendant. § 3664(k). By ordering Bass to participate

1

in the IFRP, however, the Court declined to set a restitution payment schedule. The Court instead "ordered that [Bass] pay restitution through the terms and conditions of the IFRP" and delegated the calculation of his payment schedule to the Bureau of Prisons. *Weinberger*, 268 F.3d at 361. And "constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons" is "complete[ly] absen[t]." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004). This Court has accordingly recognized "that § 3664(k) does not apply" to IFRP payment schedules. *United States v. Burrell*, No. 21-cr-20393, 2025 WL 1161452, at *2 n.1 (E.D. Mich. Apr. 21, 2025).

This does not leave Bass without a remedy. An inmate may challenge his or her IFRP payment schedule in a habeas petition under 28 U.S.C. § 2241. *See Fontanez v. O'Brien*, 807 F.3d 84 (4th Cir. 2015). Indeed, courts in this Circuit hold that a § 2241 petition is the exclusive vehicle to challenge an IFRP payment schedule, *Burrell*, 2025 WL 1161452, at *3, and treat motions raising such a challenge as § 2241 petitions, *Wisdom v. United States*, No. 14-20359, 2017 WL 3334036, at *4–5 (E.D. Mich. Aug. 3, 2017). But § 2241 petitions are "jurisdictionally proper in the district court where [the petitioner's] custodian is located," and Bass is incarcerated in North Carolina. *Wisdom*, 2017 WL 3334036, at *5. The Court thus lacks jurisdiction to modify Bass's IFRP payment schedule.

Accordingly, **IT IS ORDERED** that Bass's motion (ECF No. 263) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 19, 2025

2